# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

MILISSA D. BURNS, )
)
              Plaintiff, )
)
v. ) No. 06-5015-CV-SW-FJG
)
MICHAEL J. ASTRUE, )
Commissioner, Social Security )
Administration )
)
              Defendant. )

# ORDER

This is a proceeding under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On June 7, 2005, following a hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On December 12, 2005, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

> The standard for judicial review of an ALJ's denial of benefits is as follows: We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole. . . .Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision. . . . If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the commissioner's decision. . .Even if we would have weighed the evidence differently, we must affirm the denial of benefits if there is enough evidence to support the other side.

Weishaar v. Barnhart, No. C01-3048-MWB, 2002 WL 31127517, *3 (N.D.Iowa Sept. 17, 2002)(internal quotations and citations omitted). "The Court will evaluate the entire record, considering not only the evidence which supports the Commissioner's decision, but also that which fairly detracts from it." Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

Plaintiff argues that the ALJ committed reversible error because the ALJ failed to give proper weight to the testimony of plaintiff and her witness in determining plaintiff's residual functional capacity. Plaintiff argues that in discounting her testimony, the ALJ did not correctly apply the credibility assessment factors mandated by 20 C.F.R. § 404.1529, 20 C.F.R. § 416.929, Social Security Ruling 96-7p, and Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). Plaintiff also argues that the ALJ committed reversible error by adopting a residual functional capacity that is not based upon all the evidence and by improperly determining the mental limitations of plaintiff. The Court agrees and finds that for the reasons stated in the plaintiff's brief, the ALJ did not give proper weight to the testimony of the plaintiff or conduct a proper residual functional capacity assessment.

Plaintiff asks that the Court reverse this decision or in the alternative reverse and remand for an application of the proper standard of law. The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate plaintiff's residual functional capacity.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 10) and the decision of the

2

Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).


Date: 3/30/07                           **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri               Fernando J. Gaitan Jr.
                                                  United States District Judge